BOBBIE BROOKS, INCORPORATED, APPELLANT, v. MAURICE HYATT, APPELLEE.

239 N. W. 2d 782

Filed March 18, 1976. No. 40185.

Timothy J. McReynolds of White, Lipp, Simon & Powers, for appellant.

John S. Sampson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is a contract action brought by the plaintiff, Bobbie Brooks, Incorporated, against the defendant, Maurice Hyatt. The District Court directed a verdict for the defendant, and the plaintiff appeals that decision. We reverse the decision of the District Court.

In 1962, the defendant became a sales representative

for Stacy Ames, Inc. (hereinafter referred to as Stacy Ames), a subsidiary corporation of Bobbie Brooks, Inc. Pursuant to a written agreement, the defendant's duties were to promote various lines of women's apparel which was distributed by Stacy Ames. Samples of such apparel were regularly shipped to the defendant for advertising purposes. The defendant was to attempt to sell the samples, and then either pay for the samples which were sold or return the samples which were not sold. Stacy Ames maintained records by means of computer on the samples sent to the defendant and on the payments made or samples returned by the defendant. Upon the termination of the defendant's employment with Stacy Ames in 1969, the computer records of Stacy Ames reflected that the defendant owed a sum of $6,753.26 for unreturned and unpaid samples. By 1968, Stacy Ames had become a division of Bobbie Brooks, Inc. Bobbie Brooks, Inc., brings this action to collect the $6,753.26 allegedly owed by the defendant.

At trial, the only evidence of the debt which the plaintiff could produce was exhibit 3, the computer record of the defendant's dealings with Stacy Ames. In attempting to lay a foundation for the introduction of exhibit 3, the plaintiff called as a witness the sample control director of Bobbie Brooks, Inc., Mr. Segal, who testified that he is the custodian of all salesmen's records, including the records of Stacy Ames' transactions with the defendant.

Segal testified that until 1970, Stacy Ames handled its own salesmen. In 1970, the Stacy Ames division turned over its records to Segal in the regular course of business. At that time, Segal spoke to the records' custodian of Stacy Ames concerning the salesmen's records. Segal testified from personal knowledge as to the method of preparation of the business records of Bobbie Brooks, Inc. He also testified that, prior to 1970 when the record-keeping was centralized, all subsidiaries and divisions of Bobbie Brooks, Inc., used the same system

of preparing business records. In addition, Segal testified that he observed Stacy Ames' record-keeping procedures in 1967 and 1968, and that they were similar to the procedures used by Bobbie Brooks, Inc. Segal also stated that he had expertise in the field of computer programming, and that by studying computer output, which is what exhibit 3 is, he could determine the method of preparation of the input. By this method, Segal stated that he could determine that Stacy Ames used the same method of preparing business records as did Bobbie Brooks, Inc. Segal also testified that the entries on exhibit 3 were made within 1 week of the events recorded.

The District Court sustained the defendant's objection to the admissibility of exhibit 3. The District Court held that exhibit 3 was inadmissible because Mr. Segal was not the custodian of the records at the time they were originally made. The plaintiff's sole contention on appeal is that the District Court was in error when it refused to admit exhibit 3 into evidence. We agree.

The Uniform Business Records As Evidence Act, as adopted by Nebraska, provided: "A record of an act, condition, or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission." § 25-12,109, R. S. Supp., 1974. The purpose of this statute was to permit admission of systematically entered records without the necessity of identifying, locating, and producing as witnesses the individuals who made entries in the records in the regular course of the business. See Higgins v. Loup River Public Power Dist., 159 Neb. 549, 68 N. W. 2d 170. It should be noted that the statute gave the trial judge discretion in determining when a sufficient foundation had been

established to justify the admission of the record into evidence. However, this discretion was not without limits.

In Transport Indemnity Co. v. Seib, 178 Neb. 253, 132 N. W. 2d 871, this court held that computer records fell within the meaning of the statute and were admissible into evidence. The court stated: "The statute was intended to bring the realities of business and professional practice into the courtroom and the statute should not be interpreted narrowly to destroy its obvious usefulness."

The crucial issue in this case is whether the testimony of Segal, who is the present custodian of the records but was not the custodian at the time the records were originally made, is sufficient to ensure in the words of the statute, that "the sources of information, method, and time of preparation were such as to justify its admission."

No Nebraska cases have dealt with this issue. In other jurisdictions faced with this question, the business records have been admitted into evidence on the testimony of merely the present custodian. In Rossomanno v. LaClede Cab Co. (Mo.), 328 S. W. 2d 677, the Supreme Court of Missouri held that a doctor's medical records were admissible, even though the witness who testified concerning the records was not the custodian of the records at the time they were made. The witness, however, was the present custodian of the records. The court said: "If plaintiff's position is correct, a new employee, even a permanent custodian, would be incompetent to qualify for admission in evidence any records ante-dating his employment regardless of how many years he continued to work because he could never acquire the necessary personal knowledge. * * * We cannot escape the conclusion that a witness may be competent to identify a business record and testify to the mode of its preparation, even though he was not employed in the 'business' at the time the act, condition

or event occurred or was recorded. The testimony of the witnesses to the 'mode of preparation' need not be based on personal knowledge." See, also, Webber v. McCormick, 63 N. J. Super. 409, 164 A. 2d 813 (1960); 30 Am. Jur. 2d, Evidence, § 950, p. 76.

What limited authority there is on a subject agrees that the witness need not be the custodian of the records at the time they were made. To hold otherwise would fail to recognize the "realities of business," and would exclude a great amount of reliable evidence concerning the activities of large business organizations.

In the case at hand, there was sufficient testimony by Segal to ensure that the "sources of information, method, and time of preparation were such as to justify its admission." Segal testified as to the mode of preparation of the Bobbie Brooks, Inc., records. He based his knowledge of the mode of preparation on: (1) The fact that all subsidiaries and divisions of Bobbie Brooks, Inc., used the same business records system; (2) he personally observed Stacy Ames record procedures in 1967 and 1968; (3) the output of the computer from which he could derive its system of input; and (4) the information transferred to him in a normal course of business by the previous custodian. Thus, Segal possessed sufficient knowledge to testify as to the method of preparation of exhibit 3. Segal testified as to exhibit 3's identity, as to the method of its preparation, and that the events contained in the record were recorded within 1 week of their occurrence in the regular course of business. His testimony laid a sufficient foundation for the introduction into evidence of exhibit 3.

The judgment of the District Court is reversed and the cause remanded for a new trial in accordance with this opinion.

REVERSED AND REMANDED FOR A NEW TRIAL.

CLINTON, J., dissenting.

I do not believe that the trial judge abused his discretion in determining that insufficient foundation was

laid for admission of the computer printouts. The statute gives the trial court discretion in this matter and the foundation presented was at best marginal.

SPENCER, J., joins in this dissent.