HERSCH BUILDINGS, INC., A CORPORATION, APPELLANT AND
CROSS-APPELLEE, V. BETTY J. STEINBRECHER,
ADMINISTRATRIX OF THE ESTATE OF
CLARENCE G. STEINBRECHER,
DECEASED, APPELLEE AND CROSS-APPELLANT.

253 N. W. 2d 310

Filed May 11, 1977. No. 40979.

Wright & Simmons, for appellant.

Nichols & Meister, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Re-
tired District Judge.

McCOWN, J.

This is an action to recover amounts allegedly
overpaid on an oral construction contract. The jury
returned a verdict for the plaintiff in the sum of
$6,182.61. The plaintiff has appealed and the defend-
ant has cross-appealed.

In 1966, Hersch Buildings, Inc., entered into an

oral contract with Clarence G. Steinbrecher, a contractor, to build a packing and rendering plant for Hersch on a basic cost plus 8 percent basis. Steinbrecher finished his construction work in 1967, after total billings to Hersch of $176,586.75. Hersch paid a total of $173,434.70 to Steinbrecher and paid another $13,969.23 to plumbers and electricians for total construction payments of $187,403.93.

In 1970, the action involved here was begun by Steinbrecher, as plaintiff, against Hersch Buildings, Inc., as defendant, to foreclose a mechanic's lien in the amount of $3,152.04, allegedly still due to him on the contract. Hersch Building, Inc., answered and counterclaimed, alleging that the oral construction contract was cost plus 8 percent, with a $150,000 maximum limit on total costs. Hersch alleged that Steinbrecher had commenced construction of the packing plant but had never completed it, and had failed to construct the plant in workmanlike manner. Hersch alleged that it had overpaid Steinbrecher by mistake in the sum of $23,434.70, and had paid $14,969.95 to plumbers and electricians which Steinbrecher should have paid, and prayed for judgment against Steinbrecher in the sum of $38,404.65. Steinbrecher denied the allegations of the cross-petition.

In 1975, Steinbrecher moved to dismiss his petition to foreclose the mechanic's lien, and Hersch Buildings, Inc., moved that its cross-petition be transferred to the jury docket and set for trial. The District Court dismissed Steinbrecher's petition to foreclose the mechanic's lien and transferred the Hersch cross-petition against Steinbrecher to the jury docket, and set it for trial. Thereafter Steinbrecher died and the action was revived against the administratrix of his estate.

By a pretrial order in April 1976, Hersch Buildings, Inc., the original defendant, was designated as the plaintiff, and the administratrix of Steinbrecher's estate was designated as the defendant.

At the trial, in addition to evidence as to the quality of the workmanship and the alleged $150,000 maximum contract limitation, there was evidence as to overhead costs, personal labor by Steinbrecher at the job site, "shop charges" for materials Steinbrecher had on hand, and credit for certain cash discounts. Whether or not these items were legitimate charges under either version of the contract was in dispute.

At the conclusion of the plaintiff's evidence, the court sustained defendant Steinbrecher's motion to dismiss any claim for damages for work done in an unworkmanlike manner, and the case was submitted to the jury under the remaining issues set forth in the original cross-petition. The jury returned its verdict for the plaintiff Hersch in the sum of $6,182.61. Plaintiff has appealed and defendant has cross-appealed.

The assignments of error center around the failure of the instructions to properly place the burden of proof. Instruction No. 6 directed the jury that before plaintiff could recover from the defendant it must prove by a preponderance of the evidence each of the following propositions: (1) That it had an agreement with defendant to build a packing plant as alleged; (2) that it was to pay defendant for his work, his actual costs for labor performed or material furnished, plus 8 percent of that amount, but that the total cost was not to exceed $150,000; and (3) that it paid to defendant, and separately to plumbers and electricians, by mistake certain amounts in excess of $150,000.

Instruction No. 10 was as follows: "Shop charges and overhead may not be included in the cost of labor and materials or supplies unless you find that the parties specifically agreed otherwise.

"If you find that plaintiff and defendant agreed on a cost plus agreement, defendant must compute his fee based on the amount actually spent for labor and

materials or supplies, furnished by him, that actually went into and became a part of the finished product.

"Defendant must credit plaintiff with all discounts and credits received by him unless you find that the parties specifically agreed otherwise."

During its deliberations the jury submitted a question to the court: "If we find against the plaintiff on instruction # 6, but for the plaintiff on instruction # 10, or a portion thereof, are we to decide the dollar amount of the settlement?" After consultation with counsel for both parties, the court's answer to the jury was "yes."

Instruction No. 9 instructed the jury that if a person pays money to another on the supposition that a specific fact is true which would entitle the other person to the money, but which fact is untrue, and the money would not have been paid if the person paying it had known that the fact was untrue, the person paying the money may then recover it back from the person to whom it was paid. Instruction No. 9 then stated: "It is up to you the jury to determine from the evidence whether the plaintiff paid any sums of money by mistake."

Instruction No. 11 was: "Defendant may not charge plaintiff wages under a cost-plus contract for supervising the construction but may charge for work actually done by him on the job unless you find that the parties specifically agreed otherwise. The burden is on defendant to prove what work was actually done by him on the job."

In essence, the case was an action for money had and received by the defendant, allegedly paid by plaintiff by mistake. In the posture in which the case was tried, the burden was on the plaintiff Hersch to prove all facts essential to a recovery on the cross-petition.

In accordance with the rules relating to the burden of proof in civil actions generally, the burden is on

one seeking to recover payments made to prove the facts entitling him to recovery. 70 C. J. S., Payment, § 160, p. 376. Ordinarily a party suing to recover an alleged overpayment on a contract has not only the burden of proving the overpayment but also the burden of proving that the overpayment was involuntary. Illinois Central R. R. Co. v. Midwestern Grain Co., 308 F. Supp. 323. That case involved a claim and cross-claim, and the rule was applied to the cross-claim, and both claims were dismissed for failure to meet the burden of proof. All payments are presumed to be voluntary until the contrary is made to appear, and the burden rests on the party seeking to recover a payment to prove that it was involuntary. 40 Am. Jur., Payment, § 282, p. 896.

In Stanolind Oil & Gas Co. v. Bridges, 160 F. Supp., 798, the court held that in an action by an oil company against a contractor to recover alleged overcharges by the contractor the oil company had the burden of proving that it had been overcharged, even though the contractor had the records and books.

In the posture of the case before us the plaintiff clearly had the burden of proving that it had been overcharged, and that its overpayments were made by mistake, and were therefore involuntary. The case did not rest solely on whether or not the oral contract had a $150,000 maximum cost limitation. The instructions, however, placed the burden on the defendant to prove that any challenged charges were proper rather than placing the burden on the plaintiff to prove that such charges were improper. The instructions here were confusing and inconsistent, and they concern the burden of proof. The jury's request for clarification as to instructions Nos. 6 and 10 points up the actual confusion which resulted. This court has consistently held that it is error to give the jury instructions which place the burden of proof on the wrong party, or contain incon-

sistent and conflicting paragraphs relating to the burden of proof. Kaspar v. Schack, 195 Neb. 215, 237 N. W. 2d 414; Umberger v. Sankey, 151 Neb. 488, 38 N. W. 2d 21.

The judgment is reversed and the cause remanded to the District Court.

REVERSED AND REMANDED.