WAYNE E. SHANKS, APPELLANT, V. THE CITY OF SOUTH
SIOUX CITY, NEBRASKA, APPELLEE.
330 N.W.2d 494

Filed February 25, 1983. No. 82-359.

Leamer & Rager, for appellant.

Wayne E. Boyd, City Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE,
HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This is an appeal from the denial of a claim by a city council. The record indicates that the case was tried on a stipulation of facts, but no bill of exceptions has been filed in this court. It is the responsibility of the appellant to see that the bill of exceptions is filed in this court. Neb. Ct. R. 5C(5) (Rev. 1982).

The claim appears to have arisen out of the payment of a paving assessment on Lot 2, Block 40, of the town of Covington, now annexed to South Sioux City, Nebraska; property which was owned by Wayne E. Shanks. Dakota County, Nebraska, had commenced a tax foreclosure action against the property and the lien of the special assessment was foreclosed in the proceeding. The property was sold for less than the costs of the action to Norris Leamer and later conveyed by Leamer to Shanks.

On September 17, 1980, Darlene E. Shanks, the wife of Wayne E. Shanks, authorized Equitable Federal Savings and Loan Association of Fremont, Nebraska, to pay the assessment from proceeds of a mortgage on the property. The foreclosure sale was confirmed on October 7, 1980. The assessment was

paid to the City of South Sioux City, Nebraska, on October 20, 1980, by the savings and loan association.

The trial court found that the payment was voluntary, had been made by the agent of the claimant at his request and with full knowledge of the facts, and could not be recovered.

The general rule is that payments are presumed to be voluntary, and the party seeking to recover a payment has the burden to prove that it was involuntary. *Hersch Buildings, Inc. v. Steinbrecher,* 198 Neb. 486, 253 N.W.2d 310 (1977). See, also, 70 Am. Jur. 2d *Special or Local Assessments* § 210 (1973).

In the absence of a proper bill of exceptions, the only issue on appeal is whether the pleadings are sufficient to support the judgment. *Nimmer v. Nimmer,* 203 Neb. 503, 279 N.W.2d 156 (1979).

While the "pleadings" are somewhat irregular, they are sufficient to support the judgment. The judgment is therefore affirmed.

AFFIRMED.