FRED CHALUPA, APPELLANT, V. HARTFORD FIRE
INSURANCE COMPANY, APPELLEE.
350 N.W.2d 541

Filed June 22, 1984. No. 83-386.

Robert G. Simmons, Jr., of Wright, Simmons & Selzer, for appellant.

Winner, Nichols, Douglas and Kelly, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and McCOWN and BRODKEY, JJ., Retired.

WHITE, J.

This is a declaratory judgment action brought by the plaintiff-appellant, Fred Chalupa, to determine whether an insurance policy issued by the defendant-appellee, Hartford Fire Insurance Company (Hartford), provided water damage coverage for a dwelling on Chalupa's premises. The district court for Scotts Bluff County, Nebraska, held that no coverage existed under the policy in question for the loss sustained and that Hartford is entitled to recover $15,277.99, the amount mistakenly paid by Hartford to Chalupa. We affirm.

Fred Chalupa, a farmer-rancher, owned property located in Nebraska and Wyoming near the border of the two states. Chalupa applied for and received a farmowners-ranchowners insurance policy through Hartford's agent, the Marron Agency, Inc., located in Morrill, Nebraska. The policy covers approximately 27 buildings situated at four different locations. In February 1982 Chalupa suffered water damage due to a ruptured water pipe at a dwelling insured under the policy. On June 4, 1982, Chalupa signed a proof of loss claim which stated that the dwelling which suffered the water damage was insured for $70,000 and that the total damage was $15,377.99. Hartford subsequently sent a check for

$15,277.99 to Chalupa.. On August 26, 1982, Hartford advised Chalupa's attorney that the dwelling in which the water damage occurred was not covered for this type of peril. Hartford explained payment was mistakenly made under the belief that the damage occurred to the "main dwelling," the house in which Mr. Chalupa resided, which was insured for $70,000. The main dwelling, which would have been covered for water damage, and the dwelling in which the damage occurred, which is insured for $50,000, are located within 200 feet of each other. Hartford asked that the money be returned. Chalupa refused. This declaratory judgment action was then brought by Chalupa to construe the insurance policy.

At trial it was not contested that the dwelling which suffered the water damage was covered under the insurance policy. The question was the extent or type of coverage for that dwelling. The trial court held that the dwelling was not insured for damage caused by a ruptured water pipe, and further held that Hartford was entitled to recover $15,277.99, the amount previously paid by Hartford to Chalupa under a mistake of fact. Chalupa appeals, and contends that the trial court erred in (1) admitting into evidence Hartford's "file" concerning Chalupa's insurance coverage, (2) allowing Hartford's witness to testify concerning the conclusions to be drawn from the file, (3) finding that the dwelling in question was not insured for damage caused by a ruptured water pipe, and (4) allowing Hartford to recover the voluntary payment previously paid to Chalupa.

Concerning the trial court's admission of the insurance file into evidence, Chalupa contends that because he never signed the application of insurance which was contained in the file and because there was inadequate foundation, the trial court erred in receiving the file into evidence. Hartford contends, and we agree, that the evidence was admissible under Neb. Rev. Stat. § 27-803(5) (Reissue 1979), the

business records exception to the hearsay rule.

The foundational requirements of § 27-803(5) are set forth within the statute and have previously been construed by this court. The foundational requirements for this exception are threefold. First, the activity recorded must be a type which regularly occurs in the course of the business' day-to-day activity. Second, the record must have been made as a part of a regular business practice at or near the time of the event recorded. Third, the record must be authenticated by a custodian or other qualified witness. *Bobbie Brooks, Inc. v. Hyatt*, 195 Neb. 596, 239 N.W.2d 782 (1976); *Transport Indemnity Co. v. Seib*, 178 Neb. 253, 132 N.W.2d 871 (1965). See, generally, M. Graham, Handbook of Federal Evidence § 803(6) (1981).

Christopher J. Leliaert, an underwriter for Hartford, testified that the file, including the application for insurance and the photographs attached thereto, was prepared by Marron Agency, Inc. Leliaert testified that it was common practice to label the photographs in the manner in which the Marron Agency, Inc., had done, that the file was made and kept in the regular course of business, and that he was the supervisor of the file. This testimony laid sufficient foundation under § 27-803(5), unless "the source of information or method or circumstances of preparation indicate lack of trustworthiness." The district court has broad discretion in making this determination, and the trial court's decision will not be overruled on appeal absent an abuse of discretion. *Bobbie Brooks, Inc. v. Hyatt, supra; Lincoln Grain v. Coopers & Lybrand*, 216 Neb. 433, 345 N.W.2d 300 (1984).

The foundational requirements having been met by Hartford, along with no indicia that the file's contents were untrustworthy, we hold that the file was properly admitted into evidence.

Concerning Leliaert's interpretation or conclusion that the dwelling in question was not afforded pro-

tection for damages caused by a ruptured pipe, the insurance application speaks for itself. The application, which contains pictures of most of the buildings insured under the policy, included a picture of the main dwelling, the house in which Chalupa resided; it also included a picture of the dwelling which suffered the water damage. The picture of the house in which Chalupa resided was marked "Main Dwg." The picture of the house which suffered the water damage was marked "Dwg #1." By correlating the pictures and their markings with the insurance policy, one can easily ascertain that the owner-occupied main dwelling is insured under form FR 00 02 "BROAD FORM" for $70,000 and that water damage caused by a ruptured pipe would have been covered. One can also ascertain that the dwelling which suffered water damage was insured under form FR 00 08 "COVERAGE F" for $50,000 and that water damage caused by a ruptured pipe is excluded from coverage. The application shows beyond any doubt that the dwelling was not covered for this peril. Consequently, any oral testimony in that regard was not only cumulative but also harmless.

Chalupa next contends that the district court erred in allowing Hartford to recover the payment voluntarily made to him. The general rule, applicable here, is that all payments made under a contract are presumed to be voluntary, and the party seeking to recover payment has the burden to prove that it was involuntary. *Hersch Buildings, Inc. v. Steinbrecher*, 198 Neb. 486, 253 N.W.2d 310 (1977). An insurer who has made a payment under a mistake of fact that the terms of an insurance contract require such payment is entitled to restitution, at least where the payee has not so changed his position that it would be inequitable to require him to make full payment. *Federated Mut. Ins. Co. v. Good Samaritan Hospital*, 191 Neb. 212, 214 N.W.2d 493 (1974). See, also, 6 J. Appleman, Insurance Law and Practice § 4010 (1972); Annot., 167 A.L.R. 470 (1947).

The application of insurance, which was admitted into evidence, left no doubt that Hartford's payment to Chalupa was due to a mistake of fact. As to Chalupa so changing his position so that it would be unjust to require a refund, Mrs. Shirley Chalupa stated that the damage would have been fixed with or without the insurance payments. She also testified that the repair work was "almost completed" before Chalupa received the insurance payment. Nothing in the record indicates that Chalupa has so changed his position as to make a refund unjust.

In conclusion, we find that although the insurance policy itself that was issued to Chalupa did not detail what buildings were afforded what coverage, the application for the insurance policy, which was properly admitted into evidence, proved beyond a doubt that the building which suffered the damage was not insured for that peril. Hartford having made payment under a mistake of fact and Chalupa's position not so changing as to make a refund inequitable, we hold that the trial court was correct and that the judgment should be affirmed.

AFFIRMED.