STATE OF NEBRASKA, APPELLEE, V. ADAM D. WRIGHT, APPELLANT.
436 N.W.2d 205

Filed March 3, 1989.   No. 88-325.

Robert C. Wester, Assistant Sarpy County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

PER CURIAM.

In a jury trial in the district court for Sarpy County, Adam A. Wright was convicted of theft by receipt of stolen property, see Neb. Rev. Stat. § 28-517 (Reissue 1985), and was also convicted of criminal mischief, see Neb. Rev. Stat. § 28-519 (Reissue 1985). The district court sentenced Wright to imprisonment for both convictions, with the sentence for criminal mischief to run consecutively to the sentence for the theft conviction. Wright appeals from the judgments of conviction and sentences by the district court and contends that hearsay evidence was admitted during his trial.

In his appeal, Wright does not complain about the evidence supporting his conviction for theft in violation of § 28-517. As Wright states in his brief:

The evidence at trial consisted of several eyewitnesses to a motor vehicle chase involving the Bellevue Police Department and an individual alleged to be the Appellant, and there is testimony a 1979 Chevrolet Blazer automobile

was recovered after the chase and the Appellant was found hiding in the area where the Blazer automobile was brought to rest after the chase . . . . Finally, a witness testified the vehicle in question was stolen shortly before the chase . . . .

For the purpose of this appeal, other than the background information set forth above, the only other relevant fact is there was an evidentiary controversy at the time of trial concerning the admissibility of Exhibit 7 . . . a contract for the purchase of the vehicle in question, apparently designed to prove the value of the vehicle in question.

Brief for appellant at 2.

We find the evidence sufficiently supports the verdicts of guilty and convictions of Wright on the substantive charges of theft in violation of § 28-517 and criminal mischief in violation of § 28-519, and affirm Wright's convictions. See *State v. Thielen*, 216 Neb. 119, 342 N.W.2d 186 (1983).

Neb. Rev. Stat. § 29-2026.01 (Reissue 1985) states: "When the indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in its verdict the value of the property stolen, embezzled, or falsely obtained."

In order to establish the value of the 1979 Chevrolet Blazer stolen by Wright at an amount in excess of $1,000, authorizing punishment as a Class III felony under Neb. Rev. Stat. § 28-518(1) (Reissue 1985), the State called Randy Purcell, a manager for Superior Honda, from which the Blazer was stolen. The exact duties of Purcell are not disclosed by the record. During the course of Purcell's testimony, there was reference to a written sales contract for the Blazer. The contract showed a purchase price of $5,480 for the Blazer stolen from Superior Honda. During direct examination of Purcell by the prosecutor, the following took place:

[Prosecutor:] Do you have any knowledge whether or not that purchase agreement is regarding the same Blazer as you just identified in the same photograph?

[Purcell:] Yes, it's the same one.

[Prosecutor:] All right. I'd offer Exhibit No. 7.

[Defense counsel:] I'd just like to ask a question of the witness before the introduction, Judge. Are you at all privy to this contract? Did you sign the contract on behalf of Superior Auto?

[Court:] Wait a minute, there's two questions there.

[Defense counsel:] Did you sign the contract on behalf of Superior Auto on that exhibit?

[Purcell:] On that particular exhibit there, no, I didn't.

[Defense counsel:] Then I'd object, Your Honor, as calling for hearsay.

[Court:] Overruled, it's received.

In his lone assignment of error, Wright alleges that the copy of the sales contract for the Blazer was hearsay and should not have been received into evidence. However, the State answers that "[t]he purchase agreement (Ex. 7) was a business record made and kept in the regular course of business pursuant to Neb.Rev.Stat. §27-803 (5)(Reissue 1985). It was not hearsay. It was properly admitted into evidence." Brief for appellee at 5.

Neb. Rev. Stat. § 27-803(5) (Reissue 1985) states:

A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, other than opinions or diagnoses, *made at or near the time of such acts, events or conditions, in the course of a regularly conducted activity*, if it was the regular course of such activity to make such memorandum, report, record, or data compilation at the time of such act, event, or condition, or within a reasonable time thereafter, *as shown by the testimony of the custodian or other qualified witness* unless the source of information or method or circumstances of preparation indicate lack of trustworthiness. The circumstances of the making of such memorandum, report, record, or data compilation, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight.

(Emphasis supplied.)

The sales contract did not qualify as a business record under § 27-803(5) as an exception to the hearsay rule. The trial court should have excluded the sales contract offered by the State.

The record fails to show that the sales contract was made in the regular course of the business activity of Superior Honda and that the sales contract, as a memorandum or record, was made at or near the time of the sale of the Blazer. Also, the record does not show that Purcell, who did not sign the contract on behalf of Superior Honda, was the custodian of the business records of Superior Honda.

In *Chalupa v. Hartford Fire Ins. Co.*, 217 Neb. 662, 665, 350 N.W.2d 541, 543 (1984), this court stated the rule for admissibility of a document as a business record under § 27-803(5):

> First, the activity recorded must be a type which regularly occurs in the course of the business' day-to-day activity. Second, the record must have been made as a part of a regular business practice at or near the time of the event recorded. Third, the record must be authenticated by a custodian or other qualified witness.

See *Crowder v. Aurora Co-op Elev. Co.*, 223 Neb. 704, 393 N.W.2d 250 (1986).

The copy of the sales contract was hearsay and was not admissible as an exception to the hearsay rule. It was prejudicial error for the trial court to admit the copy of the sales contract into evidence.

As this court stated in *State v. Reed*, 228 Neb. 645, 651-52, 423 N.W.2d 777, 781-82 (1988):

> By statute, crimes are classified between serious and minor offenses, all distinguished by the possible penalties that may be imposed. Neb. Rev. Stat. § 28-105(1) (Reissue 1985) describes six classes of felonies; Neb. Rev. Stat. § 28-106(1) (Reissue 1985) describes seven classes of misdemeanors. Neb. Rev. Stat. § 28-518 (Reissue 1985) grades theft offenses into four different classes dependent upon the value of the thing (property) involved. For example, theft of property valued at over $1,000 is a Class III felony and theft of property valued at $100 or less is a Class II misdemeanor. In the event of a defendant's conviction in theft cases, the sentencing judge must know the value of the property as a guide to the possible maximum and minimum sentences. In jury trials, the jury

must find the value of the property taken and convey that fact to the judge in its verdict. § 29-2026.01.

In *State v. Redding*, 213 Neb. 887, 892, 331 N.W.2d 811, 814 (1983), this court discussed the grades of larceny or theft: "We presently have four grades of larceny, or theft: Class III felony, Class IV felony, Class I misdemeanor, and Class II misdemeanor, all having common elements except for the value of the goods stolen. § 28-518."

In the appeal now before us, the jury was presented with inadmissible hearsay evidence bearing on the value of the stolen Blazer. Based on that inadmissible evidence, the jury's verdict contained an implicit finding that the value of the Blazer was more than $1,000, which meant that Wright's conviction for theft was punished as a Class III felony as stated in § 28-518(1): "Theft constitutes a Class III felony when the value of the thing involved is over one thousand dollars."

Due to the inadmissible evidence against Wright on the issue of the value of the stolen property, we vacate the jury's finding that the value of the stolen Blazer was over $1,000. Since the jury's finding on value was used as a basis for the sentence imposed on Wright, we vacate the felony sentence imposed on Wright for his conviction of theft in violation of § 28-517. While we have affirmed Wright's conviction for theft, we remand this cause to the district court for a new trial on the issue of the value of the Blazer stolen by Wright. Further, we affirm Wright's conviction and sentence for criminal mischief. Since we have set aside the sentence imposed on Wright for his conviction of theft, the sentence on the criminal mischief conviction is not consecutive to any sentence which may hereafter be imposed on Wright for the theft conviction. However, there is no prohibition to the sentence for theft being a sentence consecutive to the sentence for criminal mischief.

Therefore, we affirm Wright's convictions for theft and criminal mischief and the sentence imposed on Wright for the criminal mischief conviction, except for the provision that the sentence for criminal mischief was consecutive to the sentence for theft. We vacate the district court's sentence imposed for the theft conviction and remand this cause to the district court for a new trial on the issue of the value of property involved in the

theft conviction.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR A NEW TRIAL.