HENRY MISLE, COTRUSTEE OF THE BEN MISLE TRUST, APPELLEE
AND CROSS–APPELLANT, V. JULIUS MISLE AND ABRAM MISLE,
COTRUSTEES OF THE BEN MISLE TRUST, APPELLANTS AND
CROSS–APPELLEES.

529 N.W.2d 54

Filed March 17, 1995.　No. S–93–673.

Hyman Polsky, of Bailey, Polsky, Cope, Wood & Knapp, for appellants.

David A. Domina and, on brief, Thomas E. Stine, of Domina & Copple, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WHITE, C.J.

Defendants, Julius and Abram Misle, two of three cotrustees of the Ben Misle Trust, appeal from the decision of the Lancaster County District Court requiring them to make a final distribution from the trust to Sidney Misle, a beneficiary, in the amount of $30,745.59. Plaintiff, Henry Misle, also a cotrustee, cross-appeals, seeking attorney fees. We affirm.

In 1973, Ben Misle created a trust for his 12 grandchildren, 1 of whom is Sidney. In so doing, Ben Misle appointed his three sons, Julius, Abram, and Henry, as cotrustees. Pursuant to the terms of the trust, each beneficiary is entitled to receive a final distribution of principal and income upon reaching age 35; additionally, final trust distribution payments must be signed by two of the three cotrustees. Since the trust's inception in 1973, the trust has loaned all of its assets to Misle Chevrolet & Imports, Inc. (Misle Chevrolet), which Henry has operated since 1986.

Sidney, the son of cotrustee Henry, was born July 29, 1956. On June 6, 1986, Sidney was improperly issued a trust distribution check by Henry for $25,256.88, more than 5 years before Sidney turned 35, and without the requisite signature of a second trustee. However, Henry did not send that check to Sidney immediately as the trust account lacked sufficient funds; Henry sent the June 1986 check to Sidney in September 1986, after the trust account had received a $25,256.88 check from Misle Chevrolet. Because Henry had made this improper distribution, he instructed Sidney to return the money. Sidney informed Henry that he did not have the money, and as a result, Henry sent Sidney a check drawn on Misle Chevrolet's account for $25,256.88 on February 3, 1987. On February 5, Sidney used this money to repay the trust.

In December 1991, after Sidney had turned 35, he requested his final distribution from the trust, $30,745.59. However, cotrustees Julius and Abram refused to make the final trust distribution to Sidney, contending that the trust corpus was still deficient $25,256.88 plus interest due to the improper distribution made in 1986. Therefore, Henry brought this action to compel Julius and Abram to make the final trust distribution to Sidney; Julius and Abram, as cotrustees, filed a counterclaim for reimbursement to be made to the trust due to an alleged double distribution made to Sidney.

At trial, the district court refused to admit the business records of Misle Chevrolet's successor corporation and the testimony of the successor corporation's records custodian, Sheryl Pierson, which would have allegedly shown that the trust corpus was deficient due to an alleged double distribution to Sidney. The district court thereafter ordered Julius and Abram to make the final trust distribution to Sidney. Additionally, the district court dismissed Julius and Abram's counterclaim. This appeal followed.

Julius and Abram assign as error the district court's refusal to admit two business records of Misle Chevrolet and to allow the testimony of Pierson. Henry, in his cross-appeal, assigns as error the district court's denial of his motion for attorney fees.

Julius and Abram's first assignment of error is that the district court erred in excluding exhibit 26, which is an internal accounting document of Misle Chevrolet. Business records are hearsay and therefore are inadmissible in court unless they meet the requirements of one of the exceptions to the hearsay rule. Neb. Rev. Stat. §§ 27-801 and 27-802 (Reissue 1989). Neb. Rev. Stat. § 27-803(5) (Reissue 1989), commonly known as the business records exception to the hearsay rule, provides that the following are not excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, other than opinions or diagnoses, made at or near the time of such acts, events or conditions, in the course of a regularly conducted activity, if it was the regular course of such activity to make such memorandum, report, record, or data compilation at the time of such act, event, or

condition, or within a reasonable time thereafter, as shown by the testimony of the custodian or other qualified witness unless the source of information or method or circumstances of preparation indicate lack of trustworthiness. The circumstances of the making of such memorandum, report, record, or data compilation, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight.

The party seeking to admit a business record under this exception to the hearsay rule bears the burden of establishing the following three-part test. *Crowder v. Aurora Co-op Elev. Co.*, 223 Neb. 704, 393 N.W.2d 250 (1986); *Chalupa v. Hartford Fire Ins. Co.*, 217 Neb. 662, 350 N.W.2d 541 (1984). First, the proponent must establish that the activity recorded is of a type that regularly occurs in the course of the business' day-to-day activities. *Chalupa, supra.* Second, the proponent must establish that the record was made as a part of a regular business practice at or near the time of the event recorded. *Id.* Third, the proponent must authenticate the record by a custodian or other qualified witness. *Id.*; *Bobbie Brooks, Inc. v. Hyatt*, 195 Neb. 596, 239 N.W.2d 782 (1976); *Transport Indemnity Co. v. Seib*, 178 Neb. 253, 132 N.W.2d 871 (1965).

In the case at bar, the proponents, Julius and Abram, failed to satisfy this three-part test. Although Julius and Abram's counsel attempted to authenticate exhibit 26, which would have satisfied the third requirement for admission of a business record, the record contains no evidence that they attempted to establish that exhibit 26 recorded an activity of the type that regularly occurred in the course of either Misle Chevrolet's or its successor corporation's day-to-day activities. Furthermore, the record contains no evidence that exhibit 26 was made as a part of either Misle Chevrolet's or its successor corporation's regular business practice at or near the time of the event recorded. In fact, the record is to the contrary. The district court *permitted* Julius and Abram's counsel to lay the foundation for admitting exhibit 26 under the business records exception: "THE COURT: You can ask the questions you have to ask to get that in as a business record. You [sic] looking whether there was any record that shows Mr. Sidney Misle owed them some

money; is that what we are searching for at this point?"

However, their counsel failed to ask any further questions with respect to the hearsay rule; instead, counsel moved on to exhibit 27. Therefore, because Julius and Abram's counsel failed to lay any foundation for the admissibility of exhibit 26 as a business record, their argument that the district court committed reversible error is without merit.

Julius and Abram's second assignment of error is that the district court erred in excluding exhibit 27, which is a summary of Misle Chevrolet's accounts receivable. Julius and Abram also attempted to introduce exhibit 27 through the testimony of Pierson. However, the record reveals that Julius and Abram's counsel failed to ask any foundational questions necessary to admit exhibit 27 under the business records exception. Therefore, the district court did not err by refusing to admit exhibit 27.

Julius and Abram's third assignment of error is that the district court abused its discretion by dismissing their counterclaim for reimbursement. Neb. Rev. Stat. § 25-301 (Reissue 1989) provides in relevant part that "[e]very action must be prosecuted in the name of the real party in interest." To determine whether a party is a real party in interest, the focus of the inquiry is whether that party has standing to sue due to some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. *Nebraska Depository Inst. Guar. Corp. v. Stastny*, 243 Neb. 36, 497 N.W.2d 657 (1993); *Stahmer v. Marsh*, 202 Neb. 281, 275 N.W.2d 64 (1979). The purpose of the inquiry is to determine whether the party has a legally protectable interest or right in the controversy that would benefit by the relief to be granted. *Stastny, supra; Stahmer, supra.* Misle Chevrolet may have a claim for reimbursement against Sidney, but Julius and Abram, as cotrustees, would not benefit for such an action; they clearly are not the real parties in interest. Therefore, the district court did not abuse its discretion in dismissing Julius and Abram's counterclaim.

In his cross-appeal, Henry assigns as error the district court's denial of his motion for attorney fees. In so doing, Henry relies on our decision in *In re Estate of Linch*, 139 Neb.

761, 764, 298 N.W. 697, 699 (1941), in which we held that attorney fees are allowable in trust cases, despite a lack of statutory authorization, " '[w]here many persons have a common interest in a trust fund or property, and one of them, for the benefit of all, at his own cost and expense, takes legal action for its preservation or administration . . . .' " Quoting *Blacker v. Kitchen Bros. Hotel Co.*, 133 Neb. 66, 273 N.W. 836 (1937). In the case at bar, Henry, a cotrustee and not a beneficiary, brought this action to compel the two other cotrustees to make the final trust distribution to Sidney. If Sidney had commenced this action, which he was entitled to do, he may have been entitled to attorney fees provided he had taken such action at his own cost and expense. However, Henry, who does not have a common interest in the trust with any other persons and who prosecuted this action, does not satisfy *In re Estate of Linch*'s requirements for attorney fees.

We therefore affirm the district court's decision, ordering Julius and Abram to make the final trust distribution of $30,745.59 to Sidney and denying Henry's motion for attorney fees.

AFFIRMED.