Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/11/2021 08:13 AM CDT

OMNI Behavioral Health, a Nebraska nonprofit
corporation, appellant, v. State of Nebraska ex rel.
Doug Peterson, Attorney General, and the
Nebraska Department of Health and
Human Services, appellees.

___ N.W.2d ___

Filed March 19, 2021.    No. S-19-1218.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or
   final order rendered by a district court in a judicial review pursuant to
   the Administrative Procedure Act may be reversed, vacated, or modified
   by an appellate court for errors appearing on the record.
2. ____: ____: ____. When reviewing an order of a district court under
   the Administrative Procedure Act for errors appearing on the record, the
   inquiry is whether the decision conforms to the law, is supported by com-
   petent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Judgments: Appeal and Error.** An appellate court, in reviewing a dis-
   trict court's judgment for errors appearing on the record, will not substi-
   tute its factual findings for those of the district court where competent
   evidence supports those findings.
4. **Administrative Law: Presumptions: Proof.** When challenging the
   decision of an administrative agency, the presumption under Nebraska
   law is that the agency's decision was correct, with the burden of proof
   upon the party challenging the agency's actions.

Appeal from the District Court for Lancaster County:
Andrew R. Jacobsen, Judge. Affirmed.

Abbie J. Widger and Morgan C.H. Kristensen, of Johnson,
Flodman, Guenzel & Widger, for appellant.

Douglas J. Peterson, Attorney General, and Ryan C. Gilbride
for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Papik, J.

After the Nebraska Department of Health and Human Services (DHHS) issued a notice to OMNI Behavioral Health (OMNI) that DHHS had overpaid OMNI under a contract, OMNI requested an administrative hearing. DHHS held an administrative hearing and concluded that the overpayment determination was proper. OMNI then sought review in the district court, and the district court affirmed. OMNI now appeals the district court decision. Finding no merit to the errors assigned by OMNI, we affirm the order of the district court.

BACKGROUND

*OMNI's Contract With DHHS.*

In 2007, the U.S. Department of Justice began an investigation into the conditions of care and treatment of residents at the Beatrice State Developmental Center (BSDC), a residential institution operated by the State of Nebraska for individuals with developmental disabilities. After the completion of the investigation, Department of Justice officials informed State officials that they believed the conditions at BSDC violated the constitutional rights of BSDC residents. The State and the United States of America thereafter entered into a settlement agreement. In the settlement agreement, the State agreed to, among other things, transition residents of BSDC to integrated community settings, create transition plans for BSDC residents, monitor community-based placements to ensure consistency with transition plans, and expand the capacity of providers serving those with developmental disabilities.

The State later contracted with OMNI to assist it in complying with its obligations under the settlement agreement. The first contract took effect in July 2010. Several additional contracts followed. The contract at issue in this case was signed in April 2015 and was effective from July 2015 to June 2017.

Under the contract at issue here, OMNI agreed to operate a group home for individuals with developmental disabilities and to provide various other services related to serving individuals with developmental disabilities. In one section of the contract, OMNI agreed to provide "Mobile Intervention Treatment Services," whereby OMNI would meet with developmentally disabled individuals, their parents or guardians, and other professionals serving that person; evaluate the individual's disabilities, treatment, habilitation and staffing requirements; develop and implement a "habilitation/treatment program"; and conduct "adherence and fidelity checks" regarding the implementation of recommended changes to the individual's program. The parties refer to these services as "ITMS," an acronym for "Intensive Treatment Mobile Services." Another section of the contract provided that "[i]n addition to direct ITMS services, [OMNI] will collaborate with DHHS to provide expanded fidelity and adherence processes for potential follow-up training to individuals for whom DHHS has independently contracted with for ITMS related services . . . ."

DHHS agreed to pay OMNI for its "actual approved costs" in performing the contract. In submitting its costs, OMNI agreed to comply with monthly budgets attached to the contract as an exhibit. One of the budgets pertained to ITMS and included various categories of expenses. Relevant to this appeal, the budget allowed OMNI to bill up to $25,000 per month for "Contract Labor," up to $5,000 per month for "Staff Specific Training Implementation," and up to $24,666.67 for "Fidelity and Adherence." The budget also included a 22-percent charge on all expenses labeled "22% Admin Costs." The total amount budgeted for the 2-year contract term was $7,047,252.70.

OMNI agreed in the contract that all of its records relating to work performed or moneys received under the contract were subject to audit by DHHS and that it would maintain all such records for 5 years from the date of final payment. OMNI also agreed that it would be liable for audit exceptions and would return to DHHS "all payments made under this

contract for which an exception has been taken or which has been disallowed because of such an exception, upon demand from DHHS."

*Notice of Overpayment and*
*Administrative Hearing.*

In June 2018, DHHS issued a "Notice of Overpayment" to OMNI. In the notice, DHHS informed OMNI that it had determined OMNI was overpaid under the contract by $34,876.44. The notice informed OMNI that if it disagreed with DHHS' findings, it could request a hearing. OMNI requested and received an administrative hearing before a DHHS hearing officer.

DHHS called one witness at the hearing, Joseph Dondlinger, the financial officer for DHHS' Division of Developmental Disabilities. In that position, Dondlinger was responsible for financial oversight of the division's contracts with providers, including OMNI. Dondlinger issued the "Notice of Overpayment" to OMNI. He testified that the review of OMNI's performance under the contract was prompted by earlier audits completed by Nebraska's Auditor of Public Accounts (State Auditor). In several reports beginning in 2016, the State Auditor expressed concern about how OMNI was being paid under the contract. Among the concerns noted by the State Auditor was OMNI's inadequate documentation of costs incurred for the fidelity and adherence expense category of the budget. The State Auditor concluded that OMNI was likely double-billing DHHS by including the salaries of several employees as fidelity and adherence expenses when those same salaries were also part of the 22-percent administrative expense category.

Dondlinger testified that after the issuance of a State Auditor's report in 2017, DHHS decided to do a more extensive audit of OMNI's billing for May and June 2017. He testified that DHHS requested that OMNI provide documentation to demonstrate its actual costs as required by the contract for each of the line items corresponding to the contract's budget.

OMNI provided documentation to DHHS, but according to Dondlinger, DHHS determined that OMNI had not provided documentation demonstrating actual costs for several expenses for which it billed DHHS in May and June 2017.

Dondlinger identified three categories of expenses for which DHHS found inadequate documentation of actual costs. The first was a travel expense. OMNI did not and does not dispute that it lacked documentation for this expense.

The second category involved OMNI's charges for fidelity and adherence. OMNI billed DHHS the maximum allowed $24,666.67 for fidelity and adherence in both May and June 2017. DHHS determined that OMNI had not submitted any documentation demonstrating that it incurred actual costs for fidelity and adherence activities in those months.

Dondlinger testified that even though none of the over $49,000 in fidelity and adherence charges OMNI billed in May and June 2017 were supported by proof of actual costs, DHHS determined that it would demand that OMNI repay a lower amount, $29,779.26. Dondlinger explained how DHHS arrived at this figure. He testified that in reviewing OMNI's records, DHHS determined that OMNI had billed DHHS $29,779.26 under the categories "Contract Labor" and "Staff Specific Training Implementation." The documentation OMNI submitted to support these charges showed that OMNI had incurred charges to host training sessions related to the system of care it was promoting for individuals with developmental disabilities and to provide incentives for staff to attend these training sessions. Dondlinger testified that because these expenses appeared to have been incurred to promote fidelity and adherence to the system of care OMNI was implementing under the contract, DHHS determined that those expenses should have been categorized as fidelity and adherence expenses. If categorized as fidelity and adherence expenses, OMNI would have exceeded the monthly budget for that category of expense.

Finally, Dondlinger testified that DHHS determined that OMNI had not submitted adequate documentation for

$5,083.32 billed to DHHS for the salary of John Apala, an OMNI information technology employee. OMNI billed DHHS one-quarter of Apala's total salary to DHHS for May and June 2017. Dondlinger explained that other salary expenses OMNI billed to DHHS were documented in OMNI's accounting system as expenses under the contract, but that Apala's salary was recorded as a general administrative expense, for which OMNI would have been compensated by the 22-percent administrative expense category. He added that OMNI billed DHHS for portions of other employee's salaries, but that for those "split salaries," a portion was categorized as an expense under the contract.

OMNI called two witnesses at the administrative hearing. The first, a therapist who performed behavioral consultations under the contract, testified that OMNI provided staff with incentives to perform fidelity and adherence checks under the contract. She testified that staff incentives were appropriately billed under the "Staff Specific Training Implementation" category of the contract's budget.

OMNI also called Dr. William Reay, OMNI's chief executive officer. Reay testified about OMNI's duties under its contracts with DHHS. He testified that one of OMNI's duties was to build a new system of care and to promote fidelity and adherence to it. He testified regarding OMNI's efforts to host various training programs related to that system. He described several of the trainings as fidelity and adherence processes, but later testified they were not fidelity and adherence activity under the contract. Reay testified generally about a document titled "Fidelity Activity - March, 2016." Reay testified that the document listed various fidelity and adherence activities under the contract and that he, assisted by several other OMNI employees, performed them.

Reay also testified regarding Apala's salary. Reay stated that Apala had an increased workload due to OMNI's contract with DHHS.

*Hearing Officer's Order.*

After the hearing, the DHHS hearing officer issued a written order. The order discussed provisions within the Code of Federal Regulations pertaining to the records contractors must keep to receive "Federal awards." See, e.g., 45 C.F.R. § 75.403 (2019). The hearing officer then found that DHHS did not err by finding that OMNI was overpaid in the amount of $34,876.44. It found that OMNI did not dispute that it was overpaid for a travel expense. With respect to the alleged overpayment for fidelity and adherence activities, the hearing officer found that OMNI submitted evidence that generally demonstrated fidelity and adherence activities but failed to demonstrate actual costs to support payment. The hearing officer also found that OMNI failed to demonstrate that Apala's salary was directly related to the contract rather than an administrative cost.

Based on these findings, the hearing officer recommended that DHHS' finding of an overpayment be affirmed. The director of the Division of Developmental Disabilities of DHHS adopted the hearing officer's order as the final order of DHHS.

*District Court.*

OMNI sought review of DHHS' order in the district court by filing a petition for review pursuant to the Administrative Procedure Act. See Neb. Rev. Stat. § 84-917 (Reissue 2014). The district court affirmed the DHHS order.

OMNI argued in the district court that the federal regulations mentioned in the hearing officer's order, later adopted by DHHS, did not apply to payments to OMNI. The district court found that DHHS correctly determined that it had overpaid OMNI even if the federal regulations did not apply.

The district court found that there was no evidence that OMNI incurred actual costs for fidelity and adherence activities in May and June 2017. It noted that Reay had testified generally about OMNI's efforts to "'build systemic, statewide fidelity and adherence to basically a new system of care'" and had testified about the document discussing OMNI's fidelity

and adherence activities titled "Fidelity Activity - March, 2016," but the court concluded that neither Reay's testimony nor the document demonstrated that OMNI incurred actual costs for fidelity and adherence activities in May and June 2017. The district court also noted that OMNI had offered hundreds of pages of receipts, payroll records, and other expense documents, but after reviewing the documents, the district court concluded that they also did not show that OMNI had incurred actual costs for fidelity and adherence activities in May and June 2017.

In discussing the overpayment for fidelity and adherence activities, the district court acknowledged that OMNI challenged Dondlinger's conclusion that the contract labor and staff incentive charges should have been categorized as fidelity and adherence expenses under the contract. The district court found this argument was inconsistent with testimony by Reay that the conferences for which OMNI incurred the contract labor costs were related to fidelity and adherence processes. Ultimately, however, the district court concluded that it need not determine whether the contract labor and staff incentive charges should have been characterized as fidelity and adherence charges. The district court explained that because there was no evidence that OMNI incurred any actual costs for fidelity and adherence charges for May and June 2017, DHHS had overpaid OMNI by at least the $29,779.26 it sought to recoup.

The district court also found that DHHS had overpaid OMNI for Apala's salary. It found that there was no evidence that OMNI had actual costs under the contract for Apala's salary in May and June 2017. It noted that Reay had testified that Apala did some work related to the contract, but that Reay did not testify when Apala performed the tasks or the amount of time he spent performing them. It also noted that OMNI reported Apala's salary as an administrative expense in its payroll system and did not code any of his time to work under the contract.

OMNI appeals.

## ASSIGNMENTS OF ERROR

OMNI assigns, restated, three errors on appeal: (1) that the district court erred in concluding that DHHS could find that it overpaid OMNI and demand repayment even if the federal regulations mentioned by the DHHS hearing officer did not apply, (2) that the district court erred by not requiring DHHS to prove that it overpaid OMNI, and (3) that the district court erred by affirming DHHS' determination that it had overpaid OMNI.

## STANDARD OF REVIEW

[1] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Tran v. State*, 303 Neb. 1, 926 N.W.2d 641 (2019).

[2] When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Tran v. State, supra*.

[3] An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id*.

## ANALYSIS

OMNI argues that the district court erred by affirming DHHS' determination that it had overpaid OMNI by $34,876.44 under the contract for the months of May and June 2017. OMNI argues that DHHS lacked authority to demand repayment and that the district court erred by failing to require DHHS to prove that it overpaid OMNI and by affirming DHHS' overpayment determination. We begin our analysis by considering OMNI's argument that DHHS lacked authority to demand repayment.

*District Court Did Not Err by Concluding*
*That DHHS Could Demand Repayment*
*Even if Federal Regulations*
*Were Inapplicable.*

The district court concluded that DHHS could determine that it had overpaid OMNI under the contract and demand repayment even if the federal regulations referenced by the DHHS hearing officer did not apply. OMNI argues this was erroneous. Although it devotes most of its argument to explaining why the federal regulations did not apply, OMNI also asserts that if the federal regulations did not apply, DHHS had no basis to determine that it had overpaid OMNI and demand repayment. We disagree.

The contract provided that OMNI's books and records relating to work performed were subject to audit. It also provided that OMNI would "be liable for audit exceptions, and shall return to DHHS all payments made under this contract for which an exception has been taken or which has been disallowed because of such an exception, upon demand from DHHS." Even if the federal regulations did not apply, the contract authorized DHHS to audit OMNI's performance and demand repayment for audit exceptions. The district court did not err by concluding that DHHS could determine it had overpaid OMNI and demand repayment even if the federal regulations did not apply.

*District Court Did Not Incorrectly*
*Shift Burden of Proof.*

OMNI next argues that the district court erred by not placing the burden on DHHS to prove that it had overpaid OMNI. Here, OMNI points out that the contract provides that it is to be governed by Nebraska law. Nebraska law, OMNI contends, places the burden of proof on the party seeking to recover overpayments under a contract.

[4] In support of this argument, OMNI cites *Hersch Buildings, Inc. v. Steinbrecher*, 198 Neb. 486, 253 N.W.2d 310 (1977), a case in which a party filed a counterclaim against

a contractor alleging it had overpaid the contractor. In that case, we did note that generally a party suing to recover an alleged overpayment on a contract has the burden of proving the overpayment and that the overpayment was involuntary. But in this case, DHHS did not file a lawsuit against OMNI alleging overpayment. Instead, DHHS determined that it had overpaid OMNI and made a demand for repayment under the contract. OMNI responded by first requesting an administrative hearing and then filing a petition for review under the Administrative Procedure Act. When challenging the decision of an administrative agency, in the manner OMNI did here, the presumption under Nebraska law is that the agency's decision was correct, with the burden of proof upon the party challenging the agency's actions. *Tran v. State*, 303 Neb. 1, 926 N.W.2d 641 (2019). The district court was not required to place the burden of proof upon DHHS to prove that it overpaid OMNI.

### District Court Did Not Err by Finding DHHS Overpaid OMNI.

Finally, OMNI argues that the district court's factual findings were not supported by competent evidence. OMNI argues the district court erred by finding that OMNI failed to demonstrate that it had actual costs under the contract in May and June 2017 in the amounts it billed DHHS. Again, we find no error on the part of the district court.

OMNI challenges the district court's finding of overpayments for both the fidelity and adherence charges and the charges related to a portion of Apala's salary. With respect to the fidelity and adherence charges, OMNI focuses almost entirely on its contention that it submitted documentation demonstrating charges related to hosting training programs and providing staff incentives and that these costs were appropriately billed as "Contract Labor" and "Staff Specific Training Implementation." In devoting near-exclusive focus to this argument, however, OMNI barely addresses the fact that DHHS relied on OMNI's categorization of expenses related

to training programs and staff incentives as one alternative basis for claiming a right to repayment for amounts it had paid OMNI for fidelity and adherence.

As the district court observed, DHHS also took exception to *the entirety* of the amount OMNI billed in the fidelity and adherence category, contending that there was no showing of actual costs for fidelity and adherence activities in May and June 2017. The district court agreed with this determination of DHHS, finding that there was no evidence of OMNI's actual costs for fidelity and adherence activities. Competent evidence supported this finding. Dondlinger testified regarding OMNI's failure to provide evidence that it had incurred actual costs for fidelity and adherence activities. In addition, having reviewed the record, we agree with the district court that OMNI may have provided general evidence regarding its efforts to comply with the fidelity and adherence obligations under the contract, but it did not introduce evidence demonstrating whether and to what extent it incurred actual costs in doing so in May and June 2017.

We also find that the district court's determination regarding Apala's salary was supported by competent evidence. Reay testified generally about work Apala performed related to the contract, but did not testify about when he performed those tasks or the amount of time he spent performing them. Further, OMNI's records treated Apala's salary as an administrative expense, unlike the salaries of other employees for which OMNI billed DHHS under the contract.

## CONCLUSION

Because we find no merit to the errors assigned by OMNI, we affirm the order of the district court.

Affirmed.

Freudenberg, J., not participating.